# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Douglas A. Day,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-0281**  (Kanawha County 14-C-1756)

**West Virginia Department of**
**Military Affairs and Public Safety,**
**and West Virginia Division of**
**Protective Services,**
**Defendants Below, Respondents**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Douglas A. Day, by counsel Mark A. Atkinson, John-Mark Atkinson, and Robert B. Warner, appeals the Circuit Court of Kanawha County's February 24, 2017, order that granted summary judgment in favor of Respondents West Virginia Department of Military Affairs and Public Safety and West Virginia Division of Protective Services on petitioner's wrongful termination claim. Respondents, by counsel Gary E. Pullin and Christopher C. Ross, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondents hired petitioner as a police officer in August of 2011. It is undisputed that petitioner was a classified-exempt,[1] at-will employee. On January 30, 2014, while petitioner was working his normal shift at the West Virginia State Capitol Complex, a public rally was conducted on the Capitol grounds. The rally related to a chemical spill that had recently contaminated the public's water supply.

The day after the rally, petitioner posted the following comments on his personal Facebook account:

---

[1] *See* W.Va. Code § 29-6-2(g) (defining "'[c]lassified-exempt service'" as "an employee whose position satisfies the definitions for 'class' and 'classify' but who is not covered under the civil service system or employed by the higher education governing boards[.]")

1

If there was anytime (sic.) I despised wearing a Police uniform, it was yesterday @ the Capitol during the water rally. There was an incident involving a fellow concerned citizen, all of my friends out there know which incident I refer (sic.). I was embarrassed to be in the uniform during that episode. A girl I know who frequents the Capitol for environmental concerns looked @ me and wanted me to participate with her in the event. I told her I have to remain unbiased while on duty @ these events, she responded by saying, "You're a person are'nt (sic.) you?" That comment went straight through my heart!

According to petitioner, the incident to which his post referred involved a citizen's "forcible removal" from the rally for bringing a jug of the contaminated water collected from his dying father's home. Petitioner explains that the citizen intended to show the jug to the legislators who were present in the building, but that he was escorted out of the Capitol building by Capitol police (but not by petitioner) because the contents of the jug had not first been tested or identified as water.

On February 6, 2014, petitioner was terminated from his employment by letter delivered by West Virginia Division of Protective Services Deputy Director Kevin Foreman. The letter did not state a reason for petitioner's termination but indicated that, as an at-will employee, petitioner may be terminated without cause. Petitioner's termination was effective immediately.

Petitioner thereafter filed a Level Three grievance under the West Virginia Public Employees Grievance Procedure. *See* W.Va. Code § 6C-2-4(a)(4). The grievance was denied.

On September 25, 2014, petitioner filed a complaint in the Circuit Court of Kanawha County against respondents alleging that his termination

constituted unlawful retaliatory discharge motivated by issues in violation of the substantial public policy of the State of West Virginia as articulated in . . . *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978), in that [petitioner] was retaliated against, discriminated against, and/or terminated in part, for making comments related to an issue of public concern in violation of the Constitution of West Virginia.

On December 5, 2014, respondents filed a motion to dismiss under West Virginia Rules of Civil Procedure 12(b)(1) and (6) alleging lack of subject matter jurisdiction and res judicata on the ground that petitioner filed a direct action rather than an appeal from the Level Three grievance decision. A hearing on the motion was conducted and, on February 3, 2016, the circuit court denied the motion.

Discovery ensued and, on October 28, 2016, respondents filed a motion for summary judgment in which respondents again challenged the court's jurisdiction over the subject matter. During a December 12, 2016, hearing, the circuit court denied respondents' motion to dismiss. Instead, by order entered February 24, 2017, the court granted their motion for summary judgment. This appeal followed.

We begin with a review of the circuit court's February 24, 2017, summary judgment order that concluded, as a matter of law, that petitioner's posted comments were not entitled to free speech protections under the First Amendment and that his at-will employment was properly terminated. We review petitioner's appeal of this order *de novo*. *See* Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). (holding that "[a] circuit court's entry of summary judgment is reviewed *de novo*."). Under Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be granted "where the moving party shows by 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59, 459 S.E.2d 329, 336 (1995) (footnote omitted). Guided by this principle, we consider the parties' arguments.

On appeal, petitioner argues that the circuit court misapplied the law concerning a public employee's right to constitutional free speech protections and, as a result, erred in granting respondents' motion for summary judgment. In syllabus point four of *Alderman v. Pocahontas County Board of Education*, 223 W. Va. 431, 675 S.E.2d 907 (2009), we held:

> "Under *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), public employees are entitled to be protected from firings, demotions and other adverse employment consequences resulting from the exercise of their free speech rights, as well as other First Amendment rights. However, *Pickering* recognized that the State, as an employer, also has an interest in the efficient and orderly operation of its affairs that must be balanced with the public employees' right to free speech, which is not absolute." Syllabus point 3, *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983).

The Court went on to explain some general limitations on a public employee's free speech rights as follows:

> There are some general restrictions on a public employee's right to free speech. First, an employee's speech, to be protected, must be spoken as a citizen on a matter of public concern. If the employee did not speak as a citizen on a matter of public concern, then the employee has no First Amendment cause of action based on the employer's reaction to the speech. If the employee did speak as a citizen on a matter of public concern, the possibility of a First Amendment claim arises and a second and a third factor are invoked. The second factor that is invoked considers statements that are made with the knowledge that they were false or with reckless disregard of whether they were false, and such statements are not protected. The third factor that is invoked considers statements made about persons with whom there are close personal contacts that would disrupt discipline or harmony among coworkers or destroy personal loyalty and confidence, and such statements may not be protected.

223 W. Va. at 434, 675 S.E.2d at 910, at syl. pt. 5.

Here, the circuit court determined that petitioner's comments were not made as a citizen

on a matter of public concern. The court concluded that petitioner's

> Facebook post was a personal grievance and involved a matter which was personal to [him] and did not address a matter of public concern.
>
> [Petitioner's] Facebook post was clearly made regarding his role as a [p]olice officer rather than that of a private citizen speaking about matters of public concern. The content of [petitioner's] speech was directed toward complaining about his job and complaining about his fellow officers. As such, this speech does not rise to the level of constitutionally protected speech.

Petitioner argues that "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record."[2] *Alderman*, 223 W. Va. at 442, 675 S.E.2d at 918. Petitioner contends that he made the comments as a private citizen, as evidenced by the fact that they were posted from his home, on his own time, on his personal Facebook account, under his nickname "Retro Cat," and using his own device. He further argues that his comments were made about a matter of public concern because they expressed his view that his fellow officers mistreated a concerned citizen at a public rally and that their conduct reflected badly on the Capitol police force as a whole.

We find no error. In consideration of the content, form, and context of petitioner's comments, it is clear that they did not address a matter of public concern. While the contamination of the area's water supply may certainly be characterized as a "public concern," petitioner's comments, at best, tangentially touched on that event. Rather, his comments were concerned with criticizing his fellow officers' conduct at the rally and professing his embarrassment "to be in the uniform" that day. Given these facts, we find no error in the circuit court's conclusion that petitioner's posted comments were not spoken as a citizen on a matter of public concern and, as such, were not protected under the First Amendment. Accordingly, petitioner's termination did not violate his constitutional right to free speech and respondents' motion for summary judgment was properly granted.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 14, 2018

---

[2] This is a question of law. *See Hall v. Marion School Dist. No. 2*, 31 F.3d 183,192 (4th Cir. 1992) (citing *Connick v. Myers*, 461 U.S. 138, 147-48 (1983).).

[3] Given our conclusion that summary judgment was properly granted in respondents' favor, we need not address respondents' cross-assignment of error that the circuit court erred in denying their motion to dismiss under West Virginia Rule of Civil Procedure 12(b)(1).

**CONCURRED IN BY:**

Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

**DISQUALFIED:**

Chief Justice Margaret L. Workman